UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. CLARKE, | ) | CASE NO. 4:05CV1977 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| SANDRA HOWARD, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

The instant case is before the Court upon Defendants' motion to strike, notice of substitution of parties and motion dismiss certain claims. ECF Dkt. #s 21, 23, 26, 29. For the following reasons, the Court recommends that the Court GRANT Defendants' motion to strike, notice of substitution of parties and motion to dismiss.

I.      **FACTUAL AND PROCEDURAL HISTORY**

On August 11, 2005, Plaintiff Michael Clarke ("Plaintiff"), *pro se*, filed a Complaint against Defendants alleging violations of the Federal Tort Claims Act, as well as Bivens claims, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971) (hereinafter "Bivens"), and negligence claims arising out of severe sinus problems. ECF Dkt. #1. On January 23, 2006, after the District Court dismissed the Bivens claims against two of the defendants, the case was referred to the undersigned for general pre-trial supervision. ECF Dkt. #s 9-10. On May 12, 2006, Defendants filed an answer to the complaint. ECF Dkt. #14. On June 21, 2006, Plaintiff filed a response to Defendants' answer. ECF Dkt. #16. On August 18, 2006, Plaintiff filed a motion for appointment of counsel

-1-

pursuant to 20 U.S.C. §1915(e), 18 U.S.C. §3006 and Fed. R. Civ. P. 44. ECF Dkt. #18. On August 31, 2006, Defendants Mohammed Azam, Ross Quinn, John Manenti, and the United States Bureau of Prisons filed a motion to strike. ECF Dkt. #21.

On September 14, 2006, Defendants Mohammed Azam, Ross Quinn, and John Manenti, and the United States Bureau of Prisons filed a notice of substitution of parties pursuant to 28 U.S.C. § 2679(d)(1). ECF Dkt. #23. On September 22, 2006, Plaintiff filed a response in opposition to the motion to strike and a first request for the production of documents. ECF Dtk. #24-25. On October 3, 2006, Defendants Mohammed Azam, Ross Quinn, John Manenti, and the United States Bureau of Prisons filed a motion to dismiss. ECF Dkt. #26. On October 23, 2006, Plaintiff filed a motion in opposition. ECF Dkt. #28. On October 31, 2006, Defendants filed an amended notice of substitution of parties to include Defendants Sandra Howard and Gary I. Reynolds as well as Defendants Mohammed Azam, Ross Quinn, and John Manenti. ECF Dkt. #29.

## II. STANDARD OF REVIEW

As an initial matter, the Court notes that Defendants have not cited any procedural rule in their motion to dismiss and they have already filed an answer.[1] A motion to dismiss filed under Rule 12(b)(6) after an answer has been filed cannot "properly lie because Rule 12(b) requires that '[a] motion making any of these defenses shall be made before pleading.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting Fed. R. Civ. P. 12(b)).

---

[1] Defendants have filed three items in this case, a motion to dismiss, a motion to strike and a notice of substitution of parties. As all three attempt to narrow the claims and parties in this case, for the sake of clarity and judicial economy, the undersigned will address each one in the instant report and recommendation.

However, Rule 12(h)(2) of the Federal Rules of Civil Procedure preserves the defense of failure to state a claim through the time of trial on the merits, and further provides that such a defense may be raised by a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For this reason, courts usually recast a post-answer Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings.  *See Delta Truck & Tractor v. Navistar Int'l Trans. Corp.*, 833 F. Supp. 587, 588 (W.D. La. 1993); *see also Scheid*, 859 F.2d at 436 ("[A]s a matter of motions practice, such a [Rule 12(b)(6)] motion may be properly considered as one for judgment on the pleadings under Fed. R. Civ. P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6).").  Thus, the undersigned will treat the instant motion to dismiss as a motion for judgment on the pleadings and evaluate it under the standard for dismissal under Rule 12(b)(6).  *See Scheid, supra.*; *see also In re CMS Energy Secs. Litig.*, 403 F. Supp. 2d 625, 627 (D. Mich. 2005).

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all allegations contained in the plaintiff's complaint as true and construes the complaint "liberally in favor of the party opposing the motion." *Id*. at 377.  However, the Court need not accept as true legal conclusions or unwarranted factual inferences.  *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  In *Scheuer v. Rhodes*, the U.S. Supreme Court explained:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . . its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote

and unlikely but that is not the test.

*Scheuer*, 416 U.S. 232, 236 (1974). "When reviewing a motion to dismiss, the court should not weigh the evidence or evaluate the credibility of witnesses." *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994). Instead, "the court should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Conley,* 355 U.S. at 45-46.

### III.  LAW AND ANALYSIS

Defendants assert that Plaintiff cannot pursue a Bivens claim against the BOP or the remaining BOP employees in their official capacities. ECF Dkt. #26. Defendants also assert that there is no right to a jury trial or a cause of action for punitive damages regarding the FTCA claims. *Id.* Plaintiff asserts in his opposition that the FTCA specifically authorizes a claim for compensation. ECF Dkt. #24. Defendants have also filed a notice of substitution of parties to replace the individual doctor-defendants with the United States of America with respect to the FTCA claims. ECF Dkt. #23. Plaintiff's opposition to the motion to dismiss reflects the complicated nature of this case; however, Plaintiff does not oppose the substitution of parties. ECF Dkt. #28. The undersigned will address each in turn.

Federal statutory law and constitutional law offer private citizens two avenues to recover damages for constitutional torts committed by employees of the federal government. A plaintiff may sue the employee directly for the constitutional violation under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971) (hereinafter "Bivens"), and a plaintiff may sue the government under the Federal Tort Claims Act ("FTCA"). *See Harris v. United States*, 422 F.3d 322, 324 (6th Cir. 2005); 28

U.S.C. § 2676. It is well settled that no cause of action under *Bivens* can lie against a federal agency. *Okoro v. Scibana*, 63 Fed. Appx. 182, 184 (6th Cir. 2003); *see also Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Nor can a cause of action pursuant to *Bivens* lie against federal employees in their official capacities. *Okoro, supra*; *see also Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). In this case, Plaintiff has alleged Bivens violations against five doctors in their personal and official capacities, and the BOP. *See* ECF Dkt. #1. The BOP is a federal agency. Thus, Plaintiff cannot maintain a Bivens cause of action against it. *See, e.g., Fed. Deposit Ins. Corp., supra*; *Okoro, supra*. Accordingly, the Bivens claims against Defendant BOP are dismissed with prejudice. ECF Dkt. #26.

As to the doctor-defendants, Azam, Quinn and Manenti, Plaintiff alleges that they are employees of the BOP.[2] ECF Dkt. #1. Since employees of the BOP are federal employees, Plaintiff can not maintain a Bivens cause of action against Azam, Quinn and Manenti in their *official* capacities. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Thus, the Bivens claims against Defendants Azam, Quinn and Manenti in their official capacities are dismissed with prejudice. To be clear, the Bivens claims against Defendants Azam, Quinn and Manenti, in their personal capacities remain intact. ECF Dkt. #26.

Regarding the FTCA claims, Defendants have filed motions requesting the United States be substituted as a party for the doctor-defendants and that the claims for a jury trial and punitive damages be dismissed. *See* ECF Dkt. #s 21, 26, 29.

---

[2] The Bivens claims against two of the doctor-defendants, Howard and Reynolds, in their individual and official capacities, have been previously dismissed from this case on other grounds. *See* ECF Dkt. #9.

In the notice to substitute parties, Defendants request that the United States of America be substituted for Defendants Azam, Quinn, Manenti, Howard, and Reynolds in their personal capacities.[3]  *See* ECF Dkt. #23, 29.  The FTCA provides that,

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). Along with the notice, Defendants have filed a certification from the United States Attorney that the five doctor-defendants were acting within the scope of their employment at all times relevant to the instant action.  ECF Dkt. #29, Attachment 1.  The Attorney General has delegated to the United States Attorney the authority to make such certification.  28 C.F.R. § 15.3(a).  Accordingly, the undersigned recommends that the Court grant Defendants notice of substitution and substitute the United States of America for Defendants Azam, Quinn, Manenti, Howard, and Reynolds as to the FTCA claims only.

Also, in so far as Plaintiff states a FTCA claim against the BOP, it should be dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  The BOP can not be sued under the FTCA.  *See Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998) (stating that a FTCA action naming only the federal agency as a defendant must be dismissed for lack of jurisdiction because the only proper defendant is the United States); 28 U.S.C. § 2679(a).  Thus, the undersigned recommends that the FTCA claims against the BOP be dismissed with prejudice.  Further, the undersigned recommends that the BOP be dismissed as a party from the

---

[3] Defendants term their filing a "Notice of Substitution" however, the undersigned will treat this as a motion for the purposes of the instant report and recommendation.

instant action as no claims remain against it.

In addition, Plaintiff's Complaint includes a jury demand. ECF Dkt. #1. However, the FTCA provides no right to a jury trial. 28 U.S.C. § 2402; *Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005). Accordingly, in so far as Plaintiff has requested a jury trial for the FTCA claims, the undersigned recommends that the Court STRIKE the request for a jury trial regarding the FTCA claims from the Complaint. ECF Dkt. #26.

Further, Plaintiff's Complaint includes a prayer for punitive damages. ECF Dkt. #1. However, the FTCA specifically and explicitly excludes punitive damages as a remedy. 28 U.S.C. § 2674. Thus, in so far as Plaintiff has requested punitive damages regarding the FTCA claims, the Court recommend that the Court STRIKE the request for punitive damages under the FTCA in the Complaint.

Defendants also argue that Plaintiff improperly sought discovery before the discovery period began. The Court recommends that the Court DENY this request to strike as MOOT. *See* ECF Dkt. #22; ECF Dkt. #21.

Accordingly, under Bivens, the case will proceed against Azam, Quinn and Manenti in their personal capacity only with the jury demand and prayer for punitive damages, and under FTCA, the case will proceed against the United States only without a jury demand or prayer for punitive damages.

**IV.	CONCLUSION**

For the foregoing reasons, the Court recommends that the Court GRANT Defendants' motion to strike, notice of substitution of parties and motion to dismiss.  ECF Dkt. #s 21, 23, 26, 29.


Date: 11/13/06					*s/ George J. Limbert*
						GEORGE J. LIMBERT
						United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).