UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL A. CLARKE,** | ) | **CASE NO. 4:05CV1977** |
| | ) | |
| PLAINTIFF, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| **SANDRA HOWARD,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Plaintiff, Michael Clarke, ("Plaintiff"), filed a *pro se* Complaint on August 11, 2005, alleging violations of the Federal Tort Claims Act, ("FTCA"), as well as Bivens and negligence claims arising out of a severe sinus condition.[1] (Dkt. # 1). On January 23, 2006, this Court issued an order assigning this case to Magistrate Judge George J. Limbert for general pre-trial supervision. (Dkt. # 10). On November 13, 2006, Magistrate Judge Limbert issued a report and recommendation (Dkt. # 30) that the Court grant Defendants', Mohammed Azam, Ross Quinn, John Manenti, and the United States Bureau of Prisons, motion to strike (Dkt. # 21); notice and amended notice of substitution of parties[2] (Dkt. #s

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Though Defendants captioned their filing as a "Notice of Substitution," the Magistrate Judge construed this as a motion for the purpose of his report and recommendation.

23, 29); and motion to dismiss (Dkt. # 26). The report recommended that, under <u>Bivens</u>, Plaintiff's case proceed against Defendants, Mohammed Azam, Ross Quinn, and John Manenti in their personal capacity only, with jury demand and prayer for punitive damages. (Dkt. # 30). The report further recommended that, under the FTCA, this case proceed against the United States without a jury demand or prayer for punitive damages. (Dkt. # 30).

FED. R. CIV.P. 72(b) provides that objections to a report and recommendation must be filed within ten (10) days after service, but plaintiff has failed to timely file any such objections. Therefore, the Court must assume that plaintiff is satisfied with the Magistrate Judge's recommendation. Any further review by this Court would be a duplicative and an inefficient use of the Court's limited resources. <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir. 1984), <u>aff'd</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of Health and Human Services</u>, 932 F.2d 505 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

Therefore, the report and recommendation of Magistrate Judge Limbert (Dkt. # 30) is hereby **ADOPTED**. Defendants' motion to dismiss is **GRANTED**. (Dkt. # 26). Accordingly, both the <u>Bivens</u> claims and FTCA claims against Defendant, Bureau of Prisons, are **DISMISSED** with **PREJUDICE**. As no claims remain against Defendant, Bureau of Prisons, this Court **DISMISSES** this defendant as a party. The <u>Bivens</u> claims against Defendants, Mohammed Azam, Ross Quinn, and John Manenti, in their **official capacities** are **DISMISSED** with **PREJUDICE**. (Dkt. # 26). The <u>Bivens</u> claims shall proceed against Defendants, Mohammed Azam, Ross Quinn, and John Manenti, in their

**personal capacities** only, with jury demand and prayer for punitive damages. (Dkt. # 26).

Furthermore, Defendants' notice of substitution of parties is **GRANTED in PART**. (Dkt. #s 23, 29). The United States of America is hereby **SUBSTITUTED** for Defendants, Mohammed Azam, Ross Quinn, and John Manenti as to the FTCA claims only. In addition, Defendants' motion to strike is **GRANTED in PART and DENIED in PART**. (Dkt. # 21). The Court **STRIKES** Plaintiff's request for a jury trial and punitive damages under the FTCA in the Complaint. (Dkt. #s 21). The FTCA claims shall proceed against the United States of America only and **without** a jury demand or prayer for punitive damages. Finally, Defendants request to strike Plaintiff's premature discovery request is **DENIED as MOOT**. (Dkt. # 21).

**IT IS SO ORDERED**.

> **/s/ Peter C. Economus - December 8, 2006**
> **PETER C. ECONOMUS**
> **UNITED STATES DISTRICT JUDGE**